**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

KEVIN ANTONIO SEVILLA RODRIGUEZ,
Petitioner,

v.

CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office,[1]

Respondent.

No. 2:26-cv-03227-SHL-tmp

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On September 16, 2026, pro se Petitioner Kevin Antonio Sevilla Rodriguez filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[2] (ECF No. 1.) He challenges his continued detention without a bond hearing. (Id. at PageID 1.) On July 22, 2026, he appeared voluntarily at a required ICE supervision appointment, where he was arrested and taken into ICE custody. (Id. at Page ID 2.) He is detained at the West Tennessee Detention Facility, and seeks immediate release. (Id. at PageID 4, 14.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th

---

[1] The only proper Respondent in this action is Christopher Bullock, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement. See Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013) ("[T]he ICE District Director is the proper respondent in a habeas petition brought by an alien, since the District Director has power over such aliens."). Accordingly, the Warden of the West Tennessee Detention Facility, Secretary of United States Department of Homeland Security, and Attorney General of the United States are dismissed from the case.

[2] At the same time, he filed Petitioner's Motion for an Order to Show Cause and for Expedited Consideration. (ECF No. 1 at PageID 16–18.) That motion seeks relief that is duplicative of the relief sought in the Petition. Thus, the Motion for an Order to Show Cause is **DENIED AS MOOT**.

713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. 175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1) Within **three business days** of the filing of this Order, Petitioner shall deliver a copy of **the Petition and this Order** to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.

(2) Within **three business days** after Petitioner complies with the above requirement, Respondent shall respond to the Petition. If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3) Petitioner may file a reply within **three business days** after Respondent's responsive filing.

(4) Respondent shall not transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition, and if Petitioner has been transferred since filing his Petition, Respondent is **ORDERED** to transfer him back to the Western District of Tennessee.

**IT IS SO ORDERED,** this 8th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE